IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REGENA M. FORD, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )    NO. CIV-06-150-HE |
| | ) |
| MICHAEL J. ASTRUE,[1] Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Regena M. Ford instituted this action seeking judicial review of the defendant Commissioner's final decision denying her application for disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Robert E. Bacharach, who has recommended that the Commissioner's decision be reversed and the case remanded for further proceedings.

Although the magistrate judge rejected two of the plaintiff's arguments, he agreed that the Administrative Law Judge ("ALJ") failed to consider the plaintiff's obesity in combination with her other impairments. The Commissioner objects to this conclusion, asserting that "[t]he ALJ clearly considered Plaintiff's weight in relation to her height, and

---

[1]*Linda S. McMahon, the Acting Commissioner of the Social Security Administration, was substituted as defendant for Ms. Jo Anne B. Barnhart, the prior Commissioner. During the pendency of the case, Michael J. Astrue became the Commissioner of the Social Security Administration. The court therefore substitutes Mr. Astrue for Acting Commissioner McMahon. See Fed.R.Civ.P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency ... ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party.").*

also in relation to her other impairments." Commissioner's objection, p. 3.[2]

The court has reviewed the record and given the Commissioner's objections de novo review and agrees with the magistrate judge that the ALJ failed, as required, to consider the impact of the plaintiff's obesity. Accordingly, the court adopts Magistrate Judge Bacharach's Report and Recommendation, **REVERSES** the final decision of the Commissioner and **REMANDS** the case for further proceedings consistent with the Report and Recommendation, a copy of which is attached to this order.

**IT IS SO ORDERED.**

Dated this 23rd day of Feb., 2007.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2]*The plaintiff responded to the Report and Recommendation, stating that if the court concurred with the magistrate judge that the Commissioner's decision should be reversed because the ALJ failed to consider her obesity either alone or in combination with other impairments, she would not object to the magistrate judge's other findings.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

REGENA M. FORD,            )
                           )
         Plaintiff,        )
                           )
v.                         )   Case No. CIV-06-150-HE
                           )
LINDA S. McMAHON,[1]       )
ACTING COMMISSIONER OF     )
THE SOCIAL SECURITY        )
ADMINISTRATION,            )
                           )
         Defendant.        )

## REPORT AND RECOMMENDATION

Plaintiff Regena Ford seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse the SSA's decision and remand for further proceedings.

I.   BACKGROUND

Ms. Ford applied for disability insurance benefits. Administrative Record at p. 50-52 (certified Apr. 10, 2006) ("Rec."). The SSA denied the application initially and on

---

[1] Ms. Jo Anne B. Barnhart, the prior commissioner of the Social Security Administration, was named as the defendant. During the pendency of the action, Ms. Linda S. McMahon became the Acting Commissioner of the Social Security Administration. Thus, the Court substitutes Ms. McMahon for Commissioner Barnhart. *See* Fed. R. Civ. P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency . . . ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party."); *see also* 42 U.S.C. § 405(g) (2000) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

reconsideration. *Id.* at pp. 29-33, 35-36. A hearing took place,[2] and an administrative law judge found that Ms. Ford was not disabled in light of her ability to perform past relevant work.[3] The Appeals Council declined jurisdiction,[4] and the present action followed.

Ms. Ford alleges:

- improper rejection of the treating physician's diagnosis of chronic fatigue syndrome and assessment of functional limitations, and

- failure to consider obesity in combination with other impairments.

II.  STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

III.  VIOLATION OF THE TREATING PHYSICIAN RULE

Ms. Ford alleges that the administrative law judge had improperly rejected her treating physician's:

---

[2]   *See* Rec. at pp. 581-612.

[3]   Rec. at pp. 21, 22.

[4]   Rec. at pp. 5-7.

2

- diagnosis of chronic fatigue syndrome and
- opinion regarding functional limitations.

The Plaintiff is incorrect.

A. The Evaluation of a Treating Physician's Opinion

The SSA generally gives greater weight to the opinions of physicians who have treated the claimant than those who have not. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173-74 (10th Cir. 2005); 20 C.F.R. § 404.1527(d)(2) (2004). Thus, when an administrative law judge rejects a treating doctor's opinion, he must give "'specific, legitimate reasons.'" *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (*per curiam*) (citation omitted).

B. Dr. Robison's Diagnosis of Chronic Fatigue Syndrome

Ms. Ford claims that the administrative law judge had erroneously rejected Dr. Robison's diagnosis of chronic fatigue syndrome. According to Ms. Ford, the judge disagreed with the diagnosis based on forms completed in October 2002 and January 2003.[5]

---

[5] Defense counsel confuses this claim with the Plaintiff's argument involving Dr. Robison's assessment of functional limitations. *See infra* pp. 5-6. The two claims are distinct, and the present one involves Dr. Robison's diagnosis of chronic fatigue syndrome rather than his assessment of functional limitations. *See* Plaintiff's Opening Brief at p. 14 (Sept. 28, 2006) ("Failure to properly justify rejection of diagnosis of Chronic Fatigue Syndrome"); *Id.* at p. 15 (arguing that the administrative law judge had given an illegitimate "reason to reject Dr. Robison's diagnosis of chronic fatigue syndrome"); *Id.* (arguing that the agency reports "do not provide a legitimate reason to reject Dr. Robison's diagnosis of chronic fatigue syndrome in December 2003"); *Id.* at p. 16 ("Dr. Robison's diagnosis of [Chronic Fatigue Syndrome] is consistent enough with [the directions set out in SSR 99-2p] so that the [administrative law judge's] failure to give legitimate reasons to reject that diagnosis was not harmless."); *Id.* ("the [administrative law judge] failed to give legitimate reasons to reject Dr. Robison's medical opinion that Ms. Ford suffered from chronic fatigue syndrome, and this failure was not harmless"); Plaintiff's Reply Brief at p. 1 (Jan. 23, 2007) ("Failure to properly justify rejection of diagnosis of Chronic Fatigue Syndrome as medically determinable impairment"); *Id.* ("The question before the Court is whether the [administrative law judge] was justified in

3

The Plaintiff is mistaken, as the administrative law judge did not reject Dr. Robison's diagnosis.

Ms. Ford notes that the administrative law judge had pointed out that:

- the October 2002 form did not indicate treatment for chronic fatigue syndrome and

- the January 2003 form reflected an absence of neurological deficits.

Rec. at p. 20. But the administrative law judge did not say that he was rejecting the diagnosis of chronic fatigue syndrome. Instead, the judge twice listed "complaints of chronic fatigue" among the Plaintiff's impairments. *Id.* ("The medical evidence indicates that the claimant has . . . complaints of chronic fatigue . . . ."); *Id.* at p. 22 ("The claimant also has . . . complaints of chronic fatigue . . . .").

A similar issue arose in *Adams v. Chater*, 93 F.3d 712 (10th Cir. 1996). There the issue was whether the plaintiff had a disability prior to December 31, 1988. *See Adams v. Chater*, 93 F.3d at 714. In 1993, a treating doctor diagnosed the plaintiff with chronic fatigue syndrome and stated that he "very likely" had the condition before December 1988. *See id.* The plaintiff claimed that the administrative law judge had improperly rejected the treating doctor's opinion. *See id.* The Tenth Circuit Court of Appeals disagreed, reasoning that the

---

rejecting the medical opinion of Ms. Ford's treating physician that she was suffering from Chronic Fatigue Syndrome."); *Id.* at p. 1 (second) ("Our position is that the [administrative law judge] failed to give specific, legitimate reasons to justify rejecting the Dr. Robison's diagnosis of Chronic Fatigue Syndrome."); *Id.* at p. 4 (stating that reversible error took place because "[t]he rejection of the [Chronic Fatigue Syndrome] diagnosis [had] formed the basis for the [administrative law judge] rejection of Dr. Robison's opinion regarding Ms. Ford's credibility and her residual functional capacity").

4

administrative law judge had not questioned the diagnosis of chronic fatigue syndrome. *Id.* Instead, the judge concluded that the condition was not disabling. *Id.* at 714-15.

*Adams v. Chater* compels rejection of the Plaintiff's claim. The administrative law judge did not reject Dr. Robison's diagnosis of chronic fatigue syndrome. Instead, the judge included "complaints of chronic fatigue" among the Plaintiff's impairments. *See supra* p. 4. In *Adams v. Chater* the plaintiff could not prevail because the administrative law judge had not rejected the treating doctor's diagnosis of chronic fatigue syndrome, and the same is true here.

    C.    <u>Dr. Robison's Opinion Regarding Functional Limitations</u>

A treating physician assessed functional limitations, concluding that Ms. Ford could not work at even a sedentary job. Rec. at pp. 402-403. According to the Plaintiff, the administrative law judge had:

- rejected this opinion without identifying specific inconsistencies between the physician's opinion and the medical record[6] and

---

[6] Ms. Ford also suggests that the administrative law judge had a duty to recontact the treating physician before rejecting the medical opinion. But a duty to recontact arises only when the evidence is inadequate to make a determination. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001) ("it is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the 'evidence' the [administrative law judge] 'receive[s] from [the claimant's] treating physician' that triggers the duty" (citation omitted)). These circumstances did not exist here, as the administrative law judge believed that he had enough medical evidence to make a disability determination. *See id.* (holding that there was no duty to recontact the treating physician when his opinion was found to be "insufficiently supported by the record as a whole").

5

- accorded undue weight to the agency physicians' opinions.

These arguments are also belied by the record.

The administrative law judge discussed Dr. Robison's records, highlighting normal physical findings and noting a lack of regular treatment and objective findings. *Id.* at p. 20. Thereafter, the judge concluded that these records did not support the physician's opinion that Ms. Ford was unable to work on a regular, full-time basis. *Id.* The context of the discussion reflects that the judge was relying on the medical records that he had just discussed. As a result, the judge adequately linked his findings to specific inconsistencies between the treating doctor's assessment and the medical record. *See, e.g., Baldwin v. Barnhart*, 167 Fed. Appx. 49, 52-53 (10th Cir. Feb. 14, 2006) (unpublished op.) (administrative law judge's opinion was sufficient regardless of the fact that the judge had referred to the physician's notes outside the context of his step-three analysis).

Likewise, the administrative law judge did not reject Dr. Robison's opinion in favor of the nonexamining physicians' opinions. While the judge found the agency physicians' opinions "credible," he declined to fully credit them. Rec. at p. 21. Instead, the administrative law judge gave Ms. Ford the benefit of the doubt and found greater functional limitations than those assessed by the agency doctors. *Id.*

The administrative law judge gave specific, legitimate reasons for rejecting Dr. Robison's opinion about functional limitations and did not give undue weight to the opinions of the nonexamining physicians. Thus, reversal is not warranted on these issues.

6

IV.   THE PLAINTIFF'S OBESITY

Ms. Ford also alleges a failure to consider her obesity in combination with other impairments. She is correct, and the omission requires reversal.

A claimant's obesity bears on whether an impairment is medically determinable, is severe, meets or equals a listing, and prevents past relevant work or other work that exists in significant numbers in the national economy. *See* Social Security Ruling 02-01p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Obesity, 2000 WL 628049, Westlaw op. at 3 (Sept. 12, 2002). While obesity alone may not be severe, the impact from its combination "with other impairments can be greater than the effects of each of the impairments considered separately." *Id.*, 2000 WL 628049, Westlaw op. at 1. Thus, the SSA has instructed administrative law judges to consider obesity throughout the disability determination process and explain any related findings. *Id.*, 2000 WL 628049, Westlaw op. at 1, 7; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(Q) (2004).[7]

---

[7]   This regulation states:

> The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators must consider any additional and cumulative effects of obesity.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(Q) (2004).

7

The administrative law judge acknowledged that in December 2002, Ms. Ford was 64 inches tall and weighed 227 pounds. Rec. at p. 20. The judge noted that these measurements had been "fairly consistent with prior measurements." *Id.* Ms. Ford had a Body Mass Index of 38 to 39[8] and doctors described her as "morbidly,"[9] "grossly,"[10] and "mildly"[11] obese. This evidence indicates a medically determinable impairment from obesity. *See* Social Security Ruling 02-01p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Obesity, 2000 WL 628049, Westlaw op. at 3 (Sept. 12, 2002) (diagnosis of obesity by a treating physician or medical records indicating consistently high body weight is sufficient to establish the existence of obesity as a medically determinable impairment). As a result, the administrative law judge had to evaluate the impact of obesity throughout the disability determination process and in combination with the Plaintiff's other impairments. *See supra* p. 7.[12]

The administrative law judge's decision does not reflect consideration of Ms. Ford's obesity either alone or in combination with other impairments. This omission constituted error under the SSA's internal requirements. *See supra* p. 7; *see also Fleetwood v. Barnhart*,

---

[8] Rec. at p. 288 (Body Mass Index of 38); *Id.* at p. 373 (Body Mass Index of 39).

[9] Rec. at p. 288.

[10] Rec. at p. 301.

[11] Rec. at pp. 484, 493.

[12] Consideration of Ms. Ford's obesity was particularly significant in light of her musculoskeletal impairments. *See* Rec. at pp. 20, 22 (finding severe lumbar and thoracic disc degeneration); *see also supra* note 7.

8

2007 WL 18922, Westlaw op. at 5 (10th Cir. Jan. 4, 2007) (unpublished op.) (remanding for failure to discuss the Plaintiff's obesity in combination with other impairments); *Baker v. Barnhart*, 84 Fed. Appx. 10, 12 & 14 (10th Cir. Dec. 10, 2003) (unpublished op.) (directing the administrative law judge to consider obesity on remand at step four when the weight had been considered a severe impairment at step two).[13]

V.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse the SSA's decision and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is February 21, 2007. *See* W.D. Okla. LCvR 72.1(a). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v.*

---

[13]   The Defendant argues that because the administrative decision had referred to Ms. Ford's height and weight, the Court should assume that the judge had considered the impact of obesity. In advancing this argument, the Defendant notes that Dr. Robison had not associated Ms. Ford's weight with any functional limitations. The Defendant's argument is invalid.

The judge recited Ms. Ford's height and weight, but did not indicate that he was considering her obesity at any step. The regulations are specific, requiring the administrative law judge to state whether the obesity has resulted in any physical limitations. Social Security Ruling 02-01p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Obesity, 2000 WL 628049, Westlaw op. at 7 (Sept. 12, 2002). The judge mentioned the height and weight, but did not do what the regulations require and the omission constitutes error. *See Baker v. Barnhart*, 84 Fed. Appx. 10, 12 & 14 (10th Cir. Dec. 10, 2003) (unpublished op.) (error existed when an administrative law judge had considered obesity at step two, but had not done so at step four); *see also supra* text accompany note.

The Defendant points out that Dr. Robison did not rely on Ms. Ford's weight in the assessment of functional limitations. But an agency physician pointed out that Ms. Ford's obesity had affected her residual functional capacity. Rec. at p. 374. Regardless of whether Dr. Robison had attributed any significance to Ms. Ford's weight, the administrative law judge was obligated to do so in light of the governing regulations and the agency physician's opinion.

9

*United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VI.   STATUS OF THE REFERRAL

The referral is terminated.

Entered this 31st day of January, 2007.

*[signature]*
Robert E. Bacharach
United States Magistrate Judge

10